IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,887-03






EX PARTE ANTWON TAYLOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08F0204-202 IN THE 202ND DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of
a child and sentenced to forty years' imprisonment. He did not appeal his conviction. 

 Applicant contends, among other things, that his plea was involuntary due to counsel's errors.
He alleges he was sentenced outside the applicable range of punishment and that trial counsel
rendered ineffective assistance because counsel did not investigate and discover two alibi witnesses
who would have testified "that this assault never occurred." Applicant's indictment charged him with
a second-degree felony, and his judgment recites that he was convicted of the same. Though the
indictment contains two enhancement allegations, the judgment contains nothing suggesting that the
enhancement allegations were found to be true. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an answer from Applicant's trial counsel addressing Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary due to an illegal sentence and his allegation that counsel should
have discovered alibi witnesses. The trial court shall make specific findings of fact as to whether the
performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 9, 2011

Do not publish